```
BENJAMIN B. WAGNER
United States Attorney
TODD D. LERAS
Assistant U.S. Attorney
501 I Street, Suite 10-100
Sacramento, California 95814
Telephone: (916) 554-2918
```

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) | Case No. S-11-354 LKK |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | ORDER FOLLOWING COMPETENCY HEARING |
| | ) | PURSUANT TO 18 U.S.C. § 4241 |
| EVARISTO ARREOLA VENTURA, | ) | |
| | ) | Date: July 30, 2013 |
| Defendant. | ) | Time: 9:15 a.m. |
| | ) | Court: Hon. Lawrence K. Karlton |

This matter came before the Court on July 30, 2013, pursuant to 18 U.S.C. § 4241, for a hearing following receipt of a psychiatric report as to Defendant Evaristo Arreola Ventura's competency to stand trial. Attorney Dina Santos appeared on behalf of her client, who was personally present and assisted by the Spanish interpreter. Assistant U.S. Attorney Todd D. Leras represented the government. Counsel for both sides acknowledged receipt of a written psychiatric evaluation of defendant, dated July 23, 2013, prepared by Diomaris Jurecska, Psy.D., Neuropsychology Testing Assistant, and Patricia Perez-Arce, Ph.D., Clinical Neuropsychologist (the "Perez-Arce Report"). The Court inquired

1

whether either party desired a contested hearing on the issue of competency as provided in 18 U.S.C. §§ 4241(c) and 4247(d). Counsel for both parties submitted the matter based on the information in the Perez-Arce report. Defense counsel further requested that the Court authorize appropriate medical treatment of defendant as indicated in the Perez-Arce report.

The Court thereafter found by a preponderance of the evidence, as required in 18 U.S.C. § 4241(d), that defendant is presently suffering from a mental disease or defect rendering him mentally incompetent to assist properly in his defense. The Court ordered defendant committed to the custody of the Attorney General for hospitalization and treatment at a suitable facility for a period of time not to exceed four months as provided in 18 U.S.C. § 4241(d)(1). Custodial authorities are authorized to take appropriate steps to address defendant's medical issues, including administering treatment and medication as prescribed by custodial medical staff.

The Court further ordered the government to submit a report as required in 18 U.S.C. § 4241(d)(1), on or about November 19, 2013, as to whether there is a substantial probability that in the foreseeable future defendant will attain the capacity to permit the proceedings to go forward. A status conference was scheduled for November 26, 2013, at 9:15 a.m. The Court found excusable delay for bringing the matter to trial under the Speedy Trial Act because the delay results from defendant being mentally incompetent to stand trial as specified in 18 U.S.C. § 3161(h)(4) (period of mental incompetence to stand trial) and Local Code N.

| | |
|---|---|
| 1 | **ORDER** |
| 2 | The Court, having determined by a preponderance of the evidence |
| 3 | that defendant is presently suffering from a mental disease or |
| 4 | defect rendering him mentally incompetent to assist in the |
| 5 | preparation of his defense, hereby orders the following: |
| 6 | 1.  Defendant is committed to the custody of the Attorney |
| 7 | General for hospitalization and treatment in a suitable facility for |
| 8 | such a reasonable period of time, not to exceed four months, as is |
| 9 | needed to determine whether there is a substantial probability that |
| 10 | in the foreseeable future he will attain the capacity to permit the |
| 11 | proceedings in this matter to go forward; |
| 12 | 2.  The facility selected by the Attorney General shall provide |
| 13 | government counsel, Assistant United States Attorneys Todd D. Leras, |
| 14 | with a written report evaluating the probability of defendant's |
| 15 | restoration to competence as soon as such a determination can |
| 16 | reasonably be made, on or about November 19, 2013; |
| 17 | 3.  The government shall provide the Court with a written |
| 18 | report regarding the prospect of defendant's restoration to |
| 19 | competence as soon as such a determination can reasonably be made, |
| 20 | on or about November 19, 2013; |
| 21 | 4.  This matter is set for a status conference regarding |
| 22 | defendant's restoration to competency on November 26, 2013, at 9:15 |
| 23 | a.m.; |
| 24 | 5.  Custodial medical staff are authorized to administer |
| 25 | prescribed medication and treatment to defendant to address his |
| 26 | medical issues; and |
| 27 | / / / |
| 28 | / / / |

1

6.   Time under the Speedy Trial Act is excluded from the period
of July 30, 2013, up to and including November 26, 2013, under 18
U.S.C. § 3161(h)(4) and Local Code N.
    IT IS SO ORDERED.
DATED: July 30, 2013

                              _____
                              LAWRENCE K. KARLTON
                              SENIOR JUDGE
                              UNITED STATES DISTRICT COURT